CHARLES J. BERGER, et al., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent. Berger v. Commissioner
Docket Nos. 9026-73, 2721-74.
United States Tax Court
T.C. Memo 1976-167; 1976 Tax Ct. Memo LEXIS 237; 35 T.C.M. (CCH) 752; T.C.M. (RIA) 760167; May 26, 1976, Filed Donald Del Grande, for the petitioners. Cynthia B. White, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined the following income tax deficiencies for the following years for Charles J. Berger and James P. Krajeski: Petitioner
Year
Deficiency
Berger
1970
$1,170.43
1971
1,109.08
Krajeski
1970
$ 722.00
1971
764.00
1972
393.00 The sole issue is whether certain payments received by petitioners from St. Mary's Hospital and Medical Center qualified as scholarship or fellowship grants excludible from gross income under section *238 117. [2]
FINDINGS OF FACT Petitioner Charles J. Berger was a resident of San Francisco, California, when he filed his petition. Petitioner James P. Krajeski was a resident of Greenbrae, California, when he filed his petition. Following his graduation from medical school, Berger interned and thereafter was a first year surgery resident at Harkness Community Hospital in San Francisco from July 1965 to July 1967. He was a second year surgery resident at Monte Fiori Hospital, New York, from July 1967 to July 1968. He then abandoned surgery as a specialty and became a psychiatric resident at the McAuley Neuropsychiatric Institute ("Institute") of St. Mary's Hospital and Medical Center from July 1968 to July 1971. St. Mary's Hospital and the Institute were primarily engaged in the care and treatment of patients. Krajeski, following his graduation from medical school, interned at St. Mary's Hospital and Medical Center from July 1968 to July 1969, and was a psychiatric resident at the Institute from July 1969 to July 1972. St. Mary's Hospital and Medical Center *239 paid Berger $8,246.51 in 1970 and $7,814.02 in 1971 as a resident in psychiatry. It paid Krajeski $8,523.44 in 1970, $10,096.14 in 1971, and $9,185.55 in 1972 as a resident in psychiatry. The hospital withheld income and social security taxes from petitioners' paychecks, and provided petitioners with three weeks paid vacation a year, malpractice and health insurance, uniforms, and meals while on on-call duty. Petitioners' duties as residents included screening and admitting patients, writing admission orders, planning for treatment of patients, prescribing drugs for patients, supervising the administration of drugs, providing follow-up out-patient care to released in-patients, staffing the 24-hour emergency service, and planning for discharge of patients. Usually 5 in-patients were assigned to a resident; the number of out-patients assigned varied depending on whether the patients were receiving individual or group therapy. Petitioners had fixed hours of duty and on-call duty, worked overtime when the needs of their patients dictated, and were obliged to have another doctor cover for them if they could not be on duty. Petitioners' activities while residents were carried out under *240 the supervision and control of the hospital. Petitioners' contracts were renewed each year subject to annual review to determine satisfactory performance. While residents at the Institute, petitioners were prohibited from engaging in outside renumerative professional work without prior permission from the hospital. ULTIMATE FINDINGS OF FACT Petitioners, as psychiatric residents, performed substantial and valuable services for the hospital and Institute, and the stipends which they received were compensation for these services. OPINION Section 117(a)(1) provides that gross income does not include amounts received as a fellowship or scholarship grant at an educational institution. If an individual is not a candidate for a degree, the exclusion is limited to $3,600 per taxable year. Section 117(b)(2)(B). The section does not apply to payments which constitute compensation for employment services or services subject to the direction of the grantor of the payments. Section 1.117-4, Income Tax Regs. See Stephen L. Zolnay,49 T.C. 389 (1968); ElmerL. Reese, Jr.,45 T.C. 407, 411 (1966), affd. per curiam 373 F. 2d 742 (4th Cir. 1967). *241 Berger seeks to exclude $3,600 in 1970 and $1,800 in 1971 of the amounts he received from St. Mary's Hospital, relying on section 117. Krajeski seeks to exclude $3,600 in 1970, $3,600 in 1971, and $1,800 in 1972, likewise relying on section 117. Respondent contends that the disputed payments did not constitute fellowship or scholarship grants but were compensation for services performed by petitioners. We hold for respondent. These consolidated cases are the most recent cases in a long line dealing with the applicability of section 117 to payments to resident physicians. With few exceptions, the payments have been held to be "compensation for past, present, or future employment services," not excludable from gross income under section 117. Section 1.117-4(c)(1), Income Tax Regs. See, e.g., Geral W. Dietz,62 T.C. 578 (1974); Frederick Fisher,56 T.C. 1201, 1211-1212 (1971), and cases cited therein. Compare George L. Bailey,60 T.C. 447 (1973); Frederick A. Bieberdorf,60 T.C. 114 (1973).Petitioners have not demonstrated that a different result is justified in this case. Petitioners worked fulltime at *242 the Institute taking care of psychiatric patients. They carried a constant caseload assigned to them by the Institute.Their work was subject to the supervision of the staff physicians. We are persuaded by the facts of these cases that petitioners' services substantially benefitted the Institute and that the payments they received were compensation for services performed. The fact that the work at the Institute provided petitioners with valuable experience does not convert compensatory payments into fellowship or scholarship grants. See Aloysius J. Proskey,51 T.C. 918, 925 (1969).We hold that no part of either petitioner's payments is excludable from gross income under section 117. Decisions will be entered under Rule 155.
Footnotes
1. The case of James P. Krajeski, docket no. 2721-74 is consolidated with the case of Charles J. Berger, docket no. 9026-73.↩
2. All section references are to the Internal Revenue Code of 1954, as in effect during the years in issue.↩